## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ARTHUR HAIRSTON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil No. SAG-24-01682 |
| | * | |
| **SOCIAL SECURITY ADMINISTRATION,** | * | |
| | * | |
| **Defendan.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Plaintiff Arthur Hairston, who is self-represented, has filed this action against the Social Security Administration. There are four motions currently pending, three of which are ripe for review: Plaintiff's "Motion in Request to Submit Documents for the Court's Review," ECF 5, Plaintiff's "Motion for Discovery," ECF 11, and Plaintiff's Motion for Recusal, ECF 15. This Court has considered those three motions and the relevant oppositions and replies. ECF 12, 17, 18. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, the three motions will be denied, though the motions regarding the submission of documents and discovery are without prejudice to those events taking place at the appropriate point in this litigation.

Beginning with the motion for this Court's recusal, Plaintiff cites 28 U.S.C. § 455, which mandates recusal where the judge's "impartiality might reasonably be questioned." The statute "deals with the *objective appearance* of partiality," and disqualification is necessary "only if it appears that [the judge] harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky v. United States,* 510 U.S. 540, 553 n.2, 558 (1994) (emphasis in original).

Plaintiff alleges that this Court has "bias, partiality, and prejudice" towards Plaintiff "as a prose [sic] litigant," ECF 15 at 2, citing this Court's ruling in case number 23-03455-SAG (*"Hairston I"*). This Court granted a motion for summary judgment for Defendant on the basis of mootness in that case, after dismissing other individual defendants because suits against agency employees are not permitted under the Privacy Act, 5 U.S.C. § 552a. *Hairston I*, ECF 29 at 6. The Court issued a seven-page memorandum opinion explaining its legal reasoning. *Id.* Plaintiff has appealed that ruling and his appeal is currently pending in the United States Court of Appeals for the Fourth Circuit. *Hairston I*, ECF 32.

The Supreme Court has held that "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555. Instead, rulings "are proper grounds for appeal, not for recusal." *Id.* Nothing about the ruling in *Hairston I* would suggest any bias or partiality as to either party, whether self-represented or otherwise. There is no requirement that judges recuse simply because they may have ruled against one party or another in the course of the instant litigation or in prior cases. Plaintiff's motion to recuse, ECF 15, will therefore be denied.

Plaintiff has also filed a "Motion in Request to Submit Documents for the Court's Review," ECF 5. While Plaintiff, like all other litigants, is free to submit documents as exhibits to motions or other filings, this Court would not have occasion to review any documents that are simply filed on the docket without being attached to a motion. Accordingly, this Court will deny Plaintiff's motion to submit the documents for review, but that ruling will in no way foreclose Plaintiff from attaching those same documents as exhibits to any future filing in this case. If the documents are filed as exhibits to a motion, this Court will review them.

Finally, Plaintiff has filed a "Motion for Discovery," ECF 11. The provisions of Rule 26 do not come into play until an answer has been filed. In this case, Defendant responded to the

Complaint by filing a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, or, in the Alternative, for Summary Judgment, ECF 13. This Court must address that motion, including the jurisdictional issues raised therein, before discovery will commence. Accordingly, this Court will deny Plaintiff's "Motion for Discovery" without prejudice to discovery taking place in ordinary course later in this litigation, if appropriate.

This Court recognizes that Plaintiff may believe discovery would be required for him to file an adequate response to Defendant's alternative summary judgment motion. If so, Plaintiff should include with his opposition to Defendant's motion the affidavit described in Federal Rule of Civil Procedure 56(d).

In light of Plaintiff's self-represented status and the number of motions that have been filed in this case, Plaintiff will be afforded thirty days following the date of this Memorandum Opinion and Order to respond to Defendant's potentially dispositive motion, ECF 13. Thus, Plaintiff's opposition will be due on or before November 22, 2024, with Defendant's reply due two weeks after Plaintiff's opposition is filed.

A separate order follows.

Dated:  October 23, 2024                              _____/s/_____

Stephanie A. Gallagher
United States District Judge