IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ARTHUR HAIRSTON,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. SAG-24-01682 |
| | * | |
| **SOCIAL SECURITY ADMINISTRATION,** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Arthur Hairston, who is self-represented, filed this one-count lawsuit for fraud against the Social Security Administration ("SSA"). ECF 1. SSA filed a motion to dismiss or for summary judgment, ECF 13, which Plaintiff opposed, ECF 21, and the SSA filed a reply, ECF 22. This Court has reviewed the motion and the related filings and has determined that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, SSA's motion will be treated as a motion to dismiss and will be granted. Plaintiff's claim will be dismissed without prejudice.

**I.    FACTUAL BACKGROUND**

Plaintiff's Complaint alleges that he learned in 2023 "that SSA changed Plaintiffs [sic] medical review from 5 to 7 years established by a Doctor in 1991 to 3+ without a medical exam." ECF 1 at 1. Plaintiff alleges that the change constitutes fraud because it constitutes "impersonation of doctors" to be "changing classifications without a Doctor exam." *Id.* at 2. Plaintiff seeks both injunctive and monetary relief.[1] *Id.*

---

[1] The injunctive relief Plaintiff requests, "that SSA stop this illegal classification change that was made without a Physicians approval," ECF 1 at 2, is not clear to this Court, as the evidence

## II.     LEGAL STANDARDS

SSA has filed a motion to dismiss or, in the alternative, for summary judgment. Specifically, SSA challenges this Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004). Under that rule, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). However, the burden of proving entitlement to sovereign immunity, which is one of the grounds SSA argues in this case, rests with the defendant. *See Lewis v. United States,* Civ. No. DKC-21-2387, 2022 WL 3716544, at *2 (D. Md. Aug. 29, 2022) (citing *Williams v. Big Picture Loans, LLC,* 929 F.3d 170, 176 (4th Cir. 2019)).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)). Also, "[s]overeign immunity is a 'jurisdictional bar'—that is, when a government defendant has sovereign immunity from a particular suit, a federal court lacks jurisdiction to allow that suit to proceed." *Lewis*, 2022 WL 3716544, at *2.

---

indicates that Plaintiff reached retirement age in January 2022 and became ineligible to receive SSDI benefits. *See* ECF 13-2 ¶ 19. Plaintiff is no longer subject to SSA's continuing disability or medical reviews at any intervals, regardless of his "classification," and has not alleged how the misclassification he alleges is presently causing him harm such that he might be entitled to an injunction. In the absence of cognizable injunctive relief, this Court will assess this case as presenting a claim for monetary damages.

In reviewing this motion, the Court also considers Plaintiff's self-represented status. In *Bullock v. Sweeney*, 644 F. Supp. 507, 508 (N.D. Cal. 1986), the court found that a pro se plaintiff's pleadings and motions must be liberally construed. *See also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that writings by self-represented complainants are held to "less stringent standards than formal pleadings drafted by lawyers"). However, a federal court may not act as an advocate for a self-represented litigant. See *Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.     ANALYSIS

As noted above, Plaintiff's Complaint contains just one count, alleging fraud. Fraud is a state common law tort and not a claim arising under the Constitution or a federal statute.[2] Plaintiff's claim, therefore, is best construed as a claim against the federal government, brought pursuant to the Federal Tort Claims Act ("FTCA").[3]

---

[2] While Plaintiff cites to Article III of the Constitution and 28 U.S.C. § 1331 to argue that this Court has jurisdiction over his claim, neither of those provisions provide the basis for a fraud claim. Citation to the statute providing for federal question jurisdiction does not in and of itself create or evidence a justiciable federal question.

[3] SSA correctly contends that the named entity in this FTCA case should have been the United States, not SSA. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."). But even if Plaintiff were to replace SSA with "the United States" as the named defendant, the sovereign immunity issue described herein would prevent his recovery.

As the Supreme Court recently explained, "the United States, as sovereign, is generally immune from suits seeking money damages." *Dep't of Agriculture Rural Devt. Rural Housing Serv. v. Kirtz*, 601 U.S. 42, 48 (2024) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Levin v. United States*, 568 U.S. 503, 506 (2013) (citation omitted). The FTCA therefore "permits a plaintiff to bring a tort claim against the United States 'in accordance with the law of the place where the alleged tortious act occurred.'" *Lewis*, 2022 WL 3716544, at *2 (quoting 28 U.S.C. § 1346(b)(1). However, the FTCA incorporates a list of exceptions, or categories of tort claims that are exempted from the United States's waiver of its sovereign immunity. *See* 28 U.S.C. § 2680. One such exception, in § 2680(h), is for any claim arising out of misrepresentation or deceit. Maryland tort law does not distinguish among fraud, misrepresentation, and deceit. *See Lewis*, 2022 WL 3716544, at *3 (citing *B.N. v. N.K.*, 312 Md. 135, 149 (1988) and *Ellerin v. Fairfax Sav., F.S.B.,* 337 Md. 216, 229 (1995)). All three terms are used interchangeably in Maryland to describe a tort based on false statements made by a defendant. *Id.*

Accordingly, the United States Government has not waived its sovereign immunity under the FTCA for a fraud claim based on Maryland common law, and Plaintiff's fraud claim must be dismissed for lack of subject matter jurisdiction. *Accord Gilbert v. ATF*, 306 F. Supp. 3d 776, 785 (D. Md. 2018) (determining that sovereign immunity had not been waived under the FTCA for a constructive fraud claim); *Huff v. U.S. Dep't of the Army*, 508 F. Supp. 2d 459, 465 (D. Md. 2007) ("The jurisdictional grant provided by the FTCA…does not extend to claims arising out of misrepresentation or deceit.").

## IV.	CONCLUSION`

For the reasons set forth above, SSA's motion to dismiss or, in the alternative, for summary judgment will be treated as a motion to dismiss and GRANTED because Plaintiff has not stated a cognizable claim for injunctive relief and this Court lacks subject matter jurisdiction over a fraud claim for monetary damages against the United States. Plaintiff's Complaint will be dismissed without prejudice and this case will be closed. A separate Order follows.

Dated: February 12, 2025	              /s/
	Stephanie A. Gallagher
	United States District Judge